The STATE of Ohio, Appellee,

v.

POLICK, Appellant.

[Cite as *State v. Polick* (1995), 101 Ohio App.3d 428.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 93CA839.

Decided Feb. 27, 1995.

*James B. Grandey,* for appellee.

*Hapner & Hapner* and *Jon C. Hapner,* for appellant.

---

HARSHA, Presiding Judge.

LeRoy Polick, Jr. appeals from a judgment of conviction and sentence entered by the Highland County Court on his guilty plea. He raises two assignments of error:

"I. The trial court abused its discretions [*sic*] in failing to consider the sentencing criteria in R.C. 2929.22.

"II. The trial court erred in imposing fines when it imposed a maximum jail sentence, and such error was a violation of [R.C.] 2929.22(E) and an abuse of discretion."

On November 1, 1993, appellant was arrested and charged with possession of drug paraphernalia, in violation of Greenfield City Code 513.02(B), operating a motor vehicle with a suspended operator's license, in violation of R.C. 4507.02(D)(2), and possession of marijuana, in violation of Greenfield City Code 513.01.

At his arraignment, appellant waived his right to counsel and pleaded guilty to all charges. The court then sentenced appellant to a $100 fine for the charge of possession of marijuana, a $500 fine, thirty days in jail, and a three-year license suspension for driving under suspension, and six months in jail and a $1,000 fine on the charge of possession of drug paraphernalia.

In his first assignment of error, appellant contends that the trial court failed to consider the sentencing criteria of R.C. 2929.22. Appellant contends that he should not have been sentenced to jail time or should have been given probation. The trial court has broad discretion when sentencing a defendant.

*Columbus v. Jones* (1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948–949; *State v. Poole* (Apr. 14, 1994), Adams App. No. 563, unreported, 1994 WL 146829. Thus, when we consider a claim that the trial court erred in imposing a particular sentence, we must determine whether the trial court abused its discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30–31; *Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624–625. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184–1185, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308–1309.

Generally, an appellate court will not reverse a trial court's exercise of discretion if the sentence imposed is within the statutory limit and the trial court considered the statutory criteria. *State v. Tutt* (1988), 44 Ohio App.3d 138, 139, 541 N.E.2d 1090, 1091–1092. Although none of the statutory criteria absolutely mandate a certain result and the court may consider other relevant matter in sentencing a defendant on a misdemeanor, the court must consider the factors set forth in R.C. 2929.22. *State v. Wagner* (1992), 80 Ohio App.3d 88, 95, 608 N.E.2d 852, 856–857; *State v. Pump* (June 22, 1994), Ross App. No. 93CA1968, unreported, 1994 WL 274440. While it is preferable, there is no requirement that the court state on the record that it has considered the statutory criteria or discuss them. *State v. Hill* (Aug. 5, 1994), Washington App. No. 93CA35, unreported, 1994 WL 419985. A silent record raises the presumption that the trial court correctly considered the appropriate sentencing criteria. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95–96.

R.C. 2929.22 governs sentencing for misdemeanors and provides that the criteria listed in R.C. 2929.12(C) be considered against imposing imprisonment for a misdemeanor. R.C. 2929.22(C). The record does not contain any indication that the trial court failed to consider the statutory criteria, and we therefore presume the court acted properly. *Adams, supra.* Appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that the trial court erred by imposing both a jail sentence and a fine for the driving under suspension and possession of drug paraphernalia. As noted above, a trial court generally has broad discretion in sentencing within the statutory guidelines. *Jones* and *Poole, supra.*

■ R.C. 2929.22 provides:

"(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.

"(F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

When the trial court fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C. 2929.22(F), the court abuses its discretion. *State v. Stevens* (1992), 78 Ohio App.3d 847, 851, 606 N.E.2d 970, 972–973. The record here indicates that the court did not inquire about appellant's ability to pay, nor would the court allow appellant to enroll in a work program to work off the fine because he was indigent.

■ Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C) and 2929.12(C), we believe R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. Subsection (E) restricts application of both sanctions to situations where certain factual conditions exist. Subsection (F) also relates to the factual existence of the ability to pay. Without some inquiry and/or explanation, however brief, we are unable to effectively review the court's decision. We acknowledge the court's grant of six months to pay the initial $100 fine, however, the court went on to assess an additional $1,500 in fines without further inquiry. Because the statute evidences a predisposition against both fines and imprisonment in misdemeanor cases, we cannot say that a silent record creates the presumption that the court proceeded correctly. Thus, appellant's second assignment of error is sustained. This matter is remanded to the trial court solely to reconsider the fine portion of appellant's sentences in light of the statutory criteria.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PETER B. ABELE, P.J., concurs.

STEPHENSON, J., concurs separately.

STEPHENSON, Judge, concurring.

I concur in the majority judgment and opinion with regard to the first assignment of error. I also concur in the majority judgment insofar as it sustains the second assignment of error and remands this action for further consideration. However, I do so on the basis that my review of the transcript shows no indication that the lower court ever inquired as to whether the fines imposed below "exceeds the amount which the offender is or will be able to pay * * * without undue hardship to himself or his dependents," as required by R.C. 2929.22(F).