OPINION
Appellant pled no contest to two counts of Disorderly Conduct, in violation of R.C. 2917.11(A)(1). Following conviction, the Ashland Municipal Court sentenced appellant to six months incarceration on each conviction, to be served consecutively. In addition, he was fined $200 on each conviction. He assigns a single error on appeal:
ASSIGNMENT OF ERRORS:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING THE DEFENDANT-APPELLANT TO TWO MAXIMUM JAIL SENTENCES AND A FINE IN VIOLATION OF OHIO REV. CODE ANN. 2929.22.
Appellant argues that the court erred in sentencing him to the maximum term of incarceration, that the court erred in imposing the sentences consecutively, and that the court erred in imposing both a fine and a sentence without making appropriate findings on the record. Generally, a Court of Appeals will not reverse a trial court's exercise of sentencing discretion if the sentence is within the statutory limit, and the court considered the statutory criteria. E.g., State vs. Tutt (1988), 44 Ohio App.3d 138, 139. There is no requirement that the court state on the record that it considered the statutory criteria, or that the court discuss the criteria. A silent record raises the presumption that the court correctly considered the appropriate sentencing criteria. State vs. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. R.C. 2929.22 governs sentences for misdemeanors, and provides that the criteria listed in Subsection (C) of the statute be considered against imposing imprisonment for a misdemeanor. The record in the instant case does not indicate that the trial court failed to consider the statutory criteria, and we, therefore, conclude that the maximum sentence was not an abuse of discretion. Although R.C. 2929.19(B)(2)(c) requires findings when consecutive sentences are imposed, the statute explicitly applies only to sentencing for felonies. In the instant case, the sentence was imposed for misdemeanors. R.C. 2929.41(B)(1) specifically provides that a sentence for imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specified that it is to be served consecutively. While R.C.2929.41(A) creates a presumption that sentences for multiple felonies are to be served concurrently, absent certain statutory requirements and findings, Subsection (B) clearly creates a presumption that sentences for misdemeanors are to be served consecutively, not to exceed an aggregate term of eighteen months. R.C. 2929.41(B)(2). The court did not err in sentencing appellant consecutively in the instant case. Finally, appellant argues that the court erred by imposing both a jail sentence and a fine. R.C.2929.22 provides: . . . (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
(F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense. . . .
Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C), R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State vs. Polick (1995), 101 Ohio App.3d 428, 432. Subsection (E) restricts application of both sanctions to situations where certain factual conditions exist, while Subsection (F) relates to the factual existence of ability to pay. Id. Without some inquiry and/or explanation, we are unable to affectively review the court's decision to impose both a fine and imprisonment. Because the statute demonstrates a predisposition against both a fine and imprisonment in a misdemeanor case, we cannot say that a silent record creates the presumption that the court proceeded correctly. Id.
The Assignment of Error is affirmed as to the imposition of the maximum term of imprisonment, and the imposition of consecutive sentences of incarceration. The Assignment of Error is sustained as to the lack of findings concerning the imposition of both a fine and a term of imprisonment. The matter is remanded to the Ashland Municipal Court solely for reconsideration of the fine portion of appellant's sentences, in light of the statutory criteria.
By: Reader, V.J. Wise, P.J. and Edwards, J. concur.