DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of the Ottawa County Municipal Court that found appellant guilty of one count of telephone harassment in violation of R.C. 2917.21(B) and one count of criminal damaging or endangering in violation of R.C. 2909.06. For the following reasons, this court reverses the judgments of the trial court as to the sentences imposed and remands the matter for further proceedings in accordance with this opinion.
Appellant sets forth the following assignment of error:
 "1. Defendant was denied due process of law when he was sentenced to a term of imprisonment when the Trial Court failed to weigh the Statutory Misdemeanor Sentencing Factors as provided for in Section 2929.22 of the Ohio Revised Code."
The facts that are relevant to the issues raised on appeal are as follows. On April 12, 1999, appellant entered no contest pleas to violations of R.C. 2917.21(B), a first-degree misdemeanor, and R.C. 2909.06, a second-degree misdemeanor. On May 28, 1999, appellant appeared in the trial court for sentencing. The trial court accepted appellant's pleas, found him guilty of both offenses, and imposed sentence. Appellant was sentenced to one hundred eighty days imprisonment (one hundred seventy days suspended) and a fine of $250 on the telephone harassment charge and sixty days imprisonment (fifty days suspended) and a fine of $150 on the criminal damaging charge. Appellant's sentences were stayed by the trial court pending appeal.
Appellant argues on appeal that R.C. 2929.22 and 2929.12
require the trial court to consider the misdemeanor sentencing factors as specified when imposing sentence and that a failure to do so constitutes an abuse of discretion. Appellant asserts that the transcript of the sentencing hearing is silent as to any of the factors set forth in R.C. 2929.22 and 2929.12(C) and (E).
R.C. 2929.22 provides:
 "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 "(F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."
In imposing sentence for a misdemeanor, the trial court must consider the factors set forth in R.C. 2929.22; the failure to do so is an abuse of discretion. Maple Hts. v. Dickard (1986),31 Ohio App.3d 68. Contrary to the presumption of regularity afforded the trial court on a silent record under R.C. 2929.22(C) and 2929.12(C), Ohio appellate courts have held that R.C.2929.22(E) and (F) impose an affirmative duty upon the trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. See State v. Polick (1995), 101 Ohio App.3d 428. Subsection (E) of R.C. 2929.22 restricts application of both sanctions to situations where certain factual conditions exist, while subsection (F) relates to the factual existence of ability to pay a fine. Id. The record in this case is devoid of any evidence to suggest that the trial court applied the factors set forth in R.C. 2929.22(E) and (F) in imposing both a fine and a sentence of incarceration and the court's justification for doing so is unclear. Because the statute evidences a predisposition against both fines and imprisonment in misdemeanor cases, we cannot say that a silent record creates the presumption that the court proceeded correctly.
Upon consideration of the record of proceedings in the trial court and the law, this court finds that the trial court erred by failing to articulate the reasons for its decision to impose the sentences as it did in this case. Accordingly, appellant's sole assignment of error is well-taken.
On consideration whereof, this court finds that appellant was prejudiced and this case is remanded to the Ottawa County Municipal Court for resentencing, based upon the statutory criteria, of the sentences imposed in case Nos. CRB-990178-A and CRB-990178-B. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J.,Mark L. Pietrykowski, J., CONCUR.