OPINION
Defendant-appellant Luke Thomas Plant appeals his sentence from the Ashland County Court of Common Pleas on one count of aggravated trespass in violation of R.C. Section 2911.211. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 18, 1999, a Bill of Information was filed in the Ashland County Court of Common Pleas charging appellant with one count of aggravated trespass in violation of R.C. Section 2911.211, a misdemeanor of the first degree. The Bill of Information stated that appellant, on or about June 27, 1999, had knowingly entered or remained on the land or premises of the Karen Garman residence "with purpose to commit on that land or that premises a misdemeanor, to-wit: Menacing . . . in violation of Ohio Revised Code Section 2911.211, AGGRAVATED TRESPASS, a misdemeanor of the first degree." Garman is appellant's ex-wife. Appellant, while under the influence of alcohol, had broken into Garman's home at approximately 4:00 A.M. and threatened to rape her. Appellant, on August 20, 1999, entered a plea of guilty to the Bill of Information. A Judgment Entry memorializing appellant's guilty plea was filed the same day. Following a pre-sentence investigation report, appellant was sentenced on October 4, 1999, to six months in the Ashland County Jail and ordered to pay a fine in the amount of $500.00. A Judgment Entry memorializing appellant's sentence was filed on October 7, 1999. It is from the October 7, 1999, Judgment Entry of Sentencing that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SENTENCING THE DEFENDANT-APPELLANT TO SERVE A JAIL SENTENCE AND PAY A FINE.
This case has been assigned to the court's accelerated docket.
 I
Appellant, in his sole assignment of error, argues that the trial court erred by imposing both a jail sentence and a fine without making appropriate findings on the record pursuant to R.C. 2929.22
justifying the imposition of both a fine and imprisonment. We disagree. R.C. 2929.22 provides:
 "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship by the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
R.C. 2929.22 demonstrates a predisposition against the imposition of both fines and imprisonment in misdemeanor cases. State v. Polick (1998), 101 Ohio App.3d 428. Appellant cites to Polick, supra, for the proposition that R.C. 2929.22(E) imposes an affirmative duty upon the trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. However, nothing in R.C. 2929.22(E) requires a trial court to state its reasons or enter its findings for imposing both a fine and imprisonment on the record. Moreover, the trial court, in the case sub judice, stated as follows in sentencing appellant to six months in jail and imposing a $500.00 fine on appellant:
 "Mr. Plant, this is a serious offense. The court would note that this offender did break into the residence of his ex-wife and caused her extreme fear in this incident. The intoxication at the time is not an excuse. And the court is going to impose a sentence in this first degree misdemeanor offense as follows: Mr. Plant, you're going to be ordered to serve a term of six months in the Ashland County Jail, and you'll pay a fine of $500.00."
Transcript of October 4, 1999, Sentencing Hearing at 3.
While the trial court, in sentencing appellant, did not specifically cite to any of the statutory criteria set forth in R.C. 2929.22(E) in imposing a fine in addition to imprisonment, we find that the trial court did state its reasons for so doing. Those reasons clearly indicate that the trial court imposed a fine for the correction of the offender. We find, therefore, that the trial court proceeded correctly. The court in Polick, supra, also held that a trial court abuses its discretion when it fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C. 2929.22(F). The trial court, in the case sub judice, did not specifically question appellant about his ability to pay the $500.00 fine without undue hardship. However, R.C. 2929.22(F) does not require a trial court to conduct a hearing regarding a defendant's ability to pay a fine, but rather merely requires a trial court to consider the same. In Polick, supra, the defendant was adjudged indigent on the record and was appointed counsel. In contrast, in the case sub judice, there is evidence in the record that appellant, who did not file an affidavit of indigency, had been continuously employed at Colonial Manor for 16 years and intended to continue such employment. See Transcript of Sentencing at 2. The trial court, therefore, properly considered appellant's financial situation under the facts and circumstances of this case. Accordingly, the trial court did not abuse its discretion in failing to question appellant about his ability to pay the $500.00 fine without undue hardship since the record provided information that appellant was not indigent. Nor did appellant, at sentencing, object to the imposition of the fine based on his inability to pay. Accordingly, appellant's sole assignment of error is overruled. The judgment of the Ashland County Court of Common Pleas is affirmed. By Edwards, J. Wise, J. concur. Hoffman, P.J. concurs separately.