I concur in the decision reached by the majority. Unlike the majority, I fail to see how the trial court's mere recitation of the facts giving rise to the complaint as quoted by the majority in its opinion, "clearly indicate" the trial court imposed a fine "for the correction of the offender." However, as held by the majority, nothing in R.C. 2929.22(E) requires a trial court to state its reasons or enter its findings for imposing both a fine and imprisonment on the record. The majority opinion might well be interpreted as concluding the trial court "proceeded correctly" because it clearly indicates its reasons for imposing both a fine and imprisonment on the record. Such interpretation is bolstered by the fact the majority distinguishes this Court's previous decision in State v. Sheppard (May 19, 1999), Ashland App. No. 98 COA-01278, unreported, from the case sub judice. To do so pays lip service to Sheppard and runs contrary to the majority's earlier conclusion no reasons or findings are required to be made on the record. I disagree with the decision reached by the Fourth District Court of Appeals in State v. Polick (1995), 101 Ohio App.3d 428, and this Court's decision in State v. Sheppard (May 19, 1999), Ashland App. No. 98COA-01278, unreported. I recognize R.C. 2929.22(E) evidences a predisposition against both fines and imprisonment in misdemeanor cases. However, in the absence of a statutory directive the trial court state it reasons or enter its findings on the record, I believe the presumption of regularity compels the conclusion the trial court properly considered and applied the statute even in the face of a silent record. As to that portion of the majority opinion addressing the trial court's failure to inquire about appellant's ability to pay a fine, I fully concur in both its analysis and disposition.