OPINION
The defendant-appellant, Paul E. Fay III ("the appellant"), appeals the jury verdict finding him guilty of two counts of assault, in violation of R.C. 2903.13. For the following reasons, we affirm the appellant's convictions.
This matter was initiated when Amanda Huff and Tracy Vanderpool filed a report with the Wyandot County Sheriff's Office alleging they were the victims of an assault committed by the appellant. The facts and procedural history of the case are as follows.
On or about 11:30 p.m. on the evening of July 17, 1999, Amanda Huff and Tracy Vanderpool proceeded to the TNT bar, located in Upper Sandusky, Ohio, to enjoy an evening of dancing and socializing. While at the TNT, Tracy's daughter, Jan, invited them to an "after hours" birthday party at the Davis Trailer Park. Amanda and Tracy accepted the invitation, and arrived at the birthday party shortly after 2:30 a.m.
While at the party, Amanda and Tracy spoke with several of the guests, including the appellant, whom Amanda had just met for the first time. Later that same morning, the appellant overheard Amanda mention that she had a child by, and was married to, a man of African-American descent. Upon learning this, the appellant allegedly began shouting "white power" in the presence of Amanda, Tracy, and several other guests. The appellant then allegedly shoved Tracy, called Amanda a "nigger lover" and a "bitch", and spit in her face. The appellant then left the room, and Amanda and Tracy decided to go home. Moments later, however, the appellant returned. Once again, the appellant called Amanda a "nigger lover" and a "bitch" and spit in her face. The appellant then struck Amanda in the jaw with the back of his fist.
At that point, Tracy attempted to intervene, but was assaulted by the appellant. According to Tracy's testimony, the appellant grasped her by the neck and began to choke her repeatedly. Eventually, Tracy managed to escape from the appellant's grasp and both she and Amanda ran from the home. Shortly after getting into their vehicle, they observed the appellant run out of the front door of the home and physically assault a third person.
Later that morning, Amanda and Tracy filed a police report with the Wyandot County Sheriff's Office. On July 19, 1999, a complaint was filed with the Upper Sandusky Municipal Court. The appellant was charged with two counts of assault, both misdemeanors of the first degree. The appellant was eventually tried before a jury, which found him guilty of both offenses. On November 2, 1999, the appellant was sentenced to two six-month terms of imprisonment, to be served consecutively.[1]
The appellant now appeals, asserting two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
 The trial court erred in sentencing the defendant to consecutive terms of incarceration without considering the statutory factors contained in R.C. 2929.22.
 In his first assignment of error, the appellant asserts that the trial court erred in imposing maximum, consecutive terms of imprisonment without considering the mandatory factors set forth in R.C. 2929.22. For the following reasons, we do not agree.
Initially, we note that the standard for determining whether a trial court erred in imposing a sentence for a misdemeanor offense is that of an abuse of discretion. State v. Benvenuto (Mar. 28, 2000), Auglaize App. Nos. 2-99-35, 2-99-36, unreported; State v.Garfield (1986), 34 Ohio App.3d 300. A finding of abuse of discretion requires evidence that the decision of the trial judge was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1993), 5 Ohio St.3d 217, 219. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.
The crime of assault is a misdemeanor of the first degree. See R.C. 2903.13(C). The maximum term of imprisonment for a first degree misdemeanor is six months in jail and a $1000 fine. See R.C. 2929.21(B)(1) and (C)(1). In the case herein, the appellant was sentenced to two consecutive six month terms of imprisonment.[2] Thus, the sentence was within the parameters of R.C. 2929.21(B)(1).
Nonetheless, the appellant maintains that the trial court erred in imposing maximum, consecutive terms of imprisonment because the court made no findings of fact regarding the factors listed in R.C. 2929.22. The appellant argues that the record's silence on the matter reveals the trial court's deficiency in failing to take into account these factors in sentencing him to maximum, consecutive terms of imprisonment.
R.C. 2929.22 provides the trial courts of Ohio with the criteria they must consider in sentencing misdemeanor offenders. R.C. 2929.22 provides, in pertinent part, as follows:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 (B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:
 (1) The offender is a repeat or dangerous offender;
 (2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (C) The criteria listed in [R.C. 2929.12(C) and (E)] that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
 Although it is preferable that the trial court state on the record that it is has considered the foregoing criteria prior to sentencing a misdemeanor offender, we can find no requirement that it must do so.[3] This Court will presume that, in sentencing a misdemeanor offender, the trial court has considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to do so. See, e.g., State v. Gilbo (1994), 96 Ohio App.3d 332, 340; State v. Johnson (Oct. 24, 1997), Drake App. No. 96CA1427, unreported; State v. Polick (1995), 101 Ohio App.3d 428, 431. Thus, absent proof to the contrary, the trial court is presumed to have considered the factors enumerated in R.C. 2929.22 and, by reference, R.C. 2929.12.
Based upon our review of the record, as well as the discretion afforded trial judges in sentencing misdemeanor offenders, we presume that the trial court considered the appropriate factors enumerated in R.C. 2929.22 prior to sentencing the appellant to maximum, consecutive terms of imprisonment. Therefore, because the sentence imposed upon the appellant falls within the statutory limits of R.C. 2929.21, and there is no indication that the trial court failed to consider the factors of R.C. 2929.22, we cannot say that the trial court abused its discretion in sentencing the appellant to maximum, consecutive terms of imprisonment. For the foregoing reasons, the appellant's first assignment of error is without merit.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
ASSIGNMENT OF ERROR NO. II
 The trial court erred by admitting evidence of the character of the defendant in violation of Ohio Rules of Evidence sections 403, 404, and 405, as such evidence aroused prejudice toward the defendant and created confusion as to the issue being tried.
 In his second assignment of error, the appellant maintains that the trial court improperly admitted evidence of the appellant's character and of a subsequent bad act, in direct contravention of Evid.R. 404.[4] The appellant further argues that the testimony presented against him was unduly prejudicial and should have been excluded pursuant to Evid.R. 403. For the following reasons, we do not agree.
It is axiomatic that the decision to admit or exclude evidence is left to the sound discretion of the trial court. State v.Heinish (1990), 50 Ohio St.3d 231. Accordingly, we will not reverse such a decision unless an abuse of discretion has been demonstrated. Again, an abuse of discretion is a decision of the trial court that can be characterized as arbitrary, unreasonable, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
In his brief, the appellant contends that the trial court improperly allowed both Amanda Huff and Reagan Hoy to testify regarding an alleged subsequent act of assault committed by the appellant against a third victim. At trial, both Amanda and Reagan testified that while leaving the premises they observed the appellant run out of the front door of the trailer home and physically assault a third victim. The appellant now argues that, pursuant to Evid.R. 404(B) and Evid.R. 403, the trial court improperly admitted the testimony into evidence.
Initially, a review of the transcript of the matter reveals that defense counsel failed to specifically object to a majority of the testimony to which he now complains should have been excluded at trial. In particular, defense counsel did not object to Amanda's testimony regarding the alleged subsequent assault. The transcript reveals that defense counsel merely objected to a statement that was allegedly made to her by the third victim just prior to his assault. Furthermore, although defense counsel did object to the testimony of the state's third and final witness, Reagan Hoy, regarding the alleged subsequent assault, the objection was premised upon relevancy grounds. Therefore, any challenge to the admissibility of the foregoing testimony must be analyzed under a plain error standard.[5] Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been different. State v.Long (1978), 53 Ohio St.2d 91.
We must now determine whether the trial court improperly admitted into evidence the witness' testimony regarding the subsequent act of assault, in contravention of Evid.R. 404(B). Evid.R. 404(B) reads as follows:
(B) Other crimes, wrongs, or acts
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 The list in Evid.R. 404(B) of justifiable purposes for the admission of evidence of other acts is neither exclusive nor exhaustive. Staff Notes to Evid.R. 404(B). Therefore, a party may introduce evidence of other acts, even though the purpose for its admission is not listed in Evid.R. 404(B), so long as it is not used to show conformity to a character trait.
We have carefully reviewed the transcript of the matter and cannot say that the trial court erred in allowing Amanda and Reagan to testify regarding the alleged subsequent act of assault. The testimony adduced at trial was merely the witness' own depiction of the events which occurred on the morning of July 18, 1999. Testimony of the foregoing nature is unlike that contemplated by the rule. Therefore, we cannot say that the trial court abused its discretion in allowing such testimony into evidence.
The appellant next argues that the testimony regarding the subsequent act of assault unduly prejudiced him and should have been excluded from evidence pursuant to Evid.R. 403. Evid.R. 403 reads as follows:
(A) Exclusion mandatory
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 (B) Exclusion discretionary
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence.
 Because the testimony regarding the alleged subsequent act of assault was the witness' own depiction of the actual events which occurred on the morning of July 18, 1999, we cannot say that the appellant was unduly prejudiced by the admission of such testimony into evidence. Furthermore, the trial judge instructed the jury that "we're here today for the two assault cases and not another assault." Therefore, the appellant was not unduly prejudiced by the introduction of such testimony during his trial. For the foregoing reasons, we cannot say that the trial court abused its discretion in admitting the testimony into evidence.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
BRYANT and WALTERS, JJ., concur.
[1] After the jury verdict but prior to sentencing, the appellant fled the courthouse and a bench warrant was issued for his arrest. The appellant was ordered to serve an additional six month suspended sentence for contempt.
[2] The appellant also was ordered to pay court costs.
[3] R.C. 2929.22 has since been revised effective January 1, 2000.
[4] We are unable to ascertain from the appellant's brief the applicability of Evid.R. 405 to the case herein. Therefore, we decline to address the issue in its entirety.
[5] A review of the transcript of the matter also reveals that defense counsel did not object to Tracy's testimony regarding the subsequent act of assault. The appellant, however, does not challenge the admissibility of this testimony.