DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a misdemeanor assault conviction and subsequent sentence rendered in the Bryan Municipal Court.
This matter is before the court on an agreed statement of facts, pursuant to App.R. 9(D).
Appellant, Ryan L. Spiess, pled guilty to assault on October 22, 2001. The trial court accepted the plea, found appellant guilty and ordered a presentence investigation. Sentencing occurred on November 15, 2001. On that date the trial court fined appellant $500 and costs and imposed a six month jail term, five months of which was suspended. During the sentencing hearing, the court failed to offer appellant's counsel an opportunity to speak on appellant's behalf, failed to offer appellant the opportunity to make his own statement and failed to question appellant as to his ability to pay a fine.
On appeal, appellant asserts that the trial court's failure to afford appellant a right of allocution was a violation of Crim.R. 32(A)(1) and the court's failure to quiz appellant about his ability to pay a fine is a violation of R.C. 2929.22. Appellee, state of Ohio, failed to file a brief in this case.
A trial court must afford a criminal defendant the right of allocation pursuant to Crim.R. 32 prior to the imposition of sentence. State v.Campbell (2000), 90 Ohio St.3d 320, paragraph one of the syllabus. While the failure to afford the right may be invited error or held harmless, in this matter there is no indication in the record of such invitation or substitute acts which might render the failure to grant the right harmless. See id. at 325. Accordingly, appellant's first assignment is well-taken.
R.C. 2929.22(F) forbids a court from imposing a fine on a misdemeanant which exceeds the offender's ability to pay without undue hardship. The statute imposes upon a court an affirmative duty to justify a decision to impose a fine. State v. Polick (1995), 101 Ohio App.3d 428, 432. Consequently, a failure of the court to inquire or otherwise ascertain an offender's ability to pay a fine constitutes a sentencing abuse of discretion. Id. Accordingly, appellant's second assignment of error is well-taken.
Upon consideration whereof, the sentencing order of the Bryan Municipal Court is vacated. This matter is remanded to said court for resentencing in conformity with this decision. Costs to appellee.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.