OPINION
Defendant-appellant Robert L. Virgili appeals the November 2, 2001 Judgment Entry of the Ashland County Court of Common Pleas, Juvenile Division, which found him guilty of contributing to the unruliness of a child and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
In February, 2001, when appellant was twenty-one years old, he met and began a relationship with a sixteen year old girl. Sometime after their meeting, appellant and the child engaged in consensual oral sex. When the child's mother discovered the relationship, she contacted the police. Appellant admitted to the investigating officers he had engaged in consensual oral sex with the child.
On March 30, 2001, the prosecutor's office filed a complaint in the Ashland County Juvenile Court alleging appellant had contributed to the unruliness of a child in violation of R.C. 2919.24(A)(2), a misdemeanor of the first degree. Appellant, who had recently been released from prison for the crime of corruption of a minor, was returned to prison for violation of his post-release control.
On September 19, 2001, appellant entered a plea of no contest and was found guilty of the charge. On October 23, 2001, appellant appeared for sentencing. The trial court heard from appellant, the mother of the child, and the step-father of the child. The trial court noted appellant's prior prison commitment, prior record, and appellant's attempts to obtain employment and counseling. In a November 2, 2001 Judgment Entry, the trial court sentenced appellant to six months in jail and imposed a fine of $500, plus court costs.It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT TO THE MAXIMUM POSSIBLE JAIL SENTENCE AND A FIVE HUNDRED AND 00/100 — DOLLAR ($500.00) FINE AND COST WHERE THERE IS NO SHOWN NEED FOR THE FINE.
 II. TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE JAIL SENTENCE WHEN IT DID NOT CONSIDER CERTAIN MITIGATING FACTORS.
 I
In his first assignment of error, appellant maintains the trial court erred in imposing a $500 fine where the trial court had already imposed the maximum jail sentence. Specifically, appellant maintains the record does not support the need for a fine. We disagree.
R.C. 2929.22 controls the imposition of sentence in misdemeanor cases. The statue provides, in relevant part:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
* * *
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship by the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
R.C. 2929.22 demonstrates a predisposition against the imposition of both fines and imprisonment in misdemeanor cases.[1] However, nothing in R.C. 2929.22(E) requires a trial court to state its reasons or enter its findings for imposing both a fine and imprisonment on the record.[2]
Where the sentence imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C.2929.22 "in the absence of an affirmative showing that it failed to do so."[3] The statute does not require the trial court to state on the record it has considered the statutory criteria, nor does the statute require the trial court to discuss said criteria. We find nothing in the record which demonstrates the trial court did not consider the criteria. In the absence of such and affirmative demonstration, we presume the trial court considered the appropriate factors.
Appellant specifically maintains the trial court did not take into consideration either Section A or E of R.C. 2929.22 because there was nothing to indicate a fine was necessary to deter the offense, that the offense had proximately resulted in physical harm to a person, or that the offense was for hire or purpose of gain. Appellant maintains because he had extremely limited financial resources, the trial court abused its discretion in imposing a fine.
At the sentencing hearing, the trial court stated:
 THE COURT: Thank you, ma'am. Well, the court has reviewed all the materials that I have indicated. While the court is glad, Mr. Virgili, if you are getting your life on track, certainly your past record would not indicate that that's the case. Mr. Kearns made reference to several offenses that were — actually, were sex offenses. One involving several counts when you were a juvenile, and then the one adult conviction that involved a sex offense and a minor. Those are felony convictions.
 Your record is full of other convictions, including a number of domestic violence charges, assaults, which would certainly indicate that anger management might be appropriate.
 The additional thing that concerns the court in terms of your record is while you tell me that you're getting your life on track now, according to the presentence, since your release on August the 1st, you had a charge in September of telephone harassment and a charge October 1st for criminal trespassing.
* * *
 Well, the presentence just says that there are charges that are pending. Ultimately, he may be exonerated on those. I don't know. It's been the court's experience that law abiding citizens don't frequently get charged with things in which they have no involvement. So maybe Mr. Virgili is just unlucky, but all the other things that I have referred to are convictions.
 The harm to the victim is great in these type of offenses. The harm often is long lasting and sometimes lasts for years. Hopefully in this case, it won't. But it might. It's not unusual for it to do so. And the court really has no reason to believe that similar things are not going to happen in the future.
 And while jobs are good and Appleseed is good and all these other things are good, it's always after the fact that these things all of a sudden become important. And never before the criminal act is committed are they important enough to do. And they're never things that anybody thinks about when they are committing the criminal act.[4]
Further, in the judgment entry, the trial court stated it considered the information received from the probation department which had conducted a presentence investigation in the case. The trial court also received information from the victim and her mother and a victim impact statement and the court permitted the victim and her mother and step father the opportunity to address the court prior to sentencing. The trial court further noted it considered all the factors contained in R.C. 2922 and the law applicable to imposing sentence for a misdemeanor.
While the trial court, in sentencing appellant, did not specifically cite to any of the statutory criteria set forth in R.C. 2929.22(E) in imposing a fine in addition to imprisonment, we find that the trial court did state its reasons for so doing. Those reasons clearly indicate that the trial court imposed a fine for the correction of the offender. We find, therefore, that the trial court proceeded correctly.
Accordingly, appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court erred in imposing the maximum jail sentence when it did not consider certain mitigating factors. At oral argument, appellant's counsel advised this Court appellant had already completed his jail term. Accordingly, we find appellant's second assignment of error to be moot.
The November 2, 2001 Judgment Entry of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the November 2, 2001 Judgment Entry of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] State v. Polick (1998), 101 Ohio App.3d 428, 655 N.E.2d 820.
[2] State v. Plant (March 24, 2000), Ashland App. No. 99-COA-01323, unreported.
[3] State v. Trail (Oct. 4, 2001), Richland App. No. CA 01-12, unreported, See also, Plant, supra at *3, Hoffman, J., concurring.
[4] Tr. at 10-12.