OPINION
Appellant Verna Kay Riffle appeals the sentence imposed by the Fairfield County Court of Common Pleas following her conviction for child endangering and contributing to the delinquency of a minor. The following facts give rise to this appeal.
On June 20, 2000, appellant's fourteen-year-old daughter, Karri, was involved in a serious altercation with another minor. During the fight, appellant's daughter stabbed Nicole McManes and following the stabbing, appellant encouraged her daughter to continue fighting. Appellant told her daughter, "Don't be a wuss, don't be a pussy, get back in there I didn't bring you over here to just come over here." Appellant's daughter eventually lost the fight and appellant and her daughter left the scene before the police arrived. Appellant took the knife when she and her daughter left the scene. Subsequently, Karri's father returned her to the scene and Karri told Sergeant Churchill that she disposed of the knife in a corn field.[1]
The Fairfield County Grand Jury indicted appellant for obstructing justice, tampering with evidence, child endangering and contributing to the delinquency of a minor. This matter proceeded to a bench trial on October 30, 2001. At the conclusion of the state's case, the trial court granted appellant's motion for a judgment of acquittal on the count of obstructing justice, but overruled the motion as to the remaining counts. At the conclusion of the trial, the court found appellant guilty of the two misdemeanor counts, child endangering and contributing to the delinquency of a minor, and not guilty as to the remaining felony count of tampering with evidence.
The trial court proceeded to sentence appellant. The trial court imposed a six-month sentence for the charge of child endangering and a six-month sentence for the charge of contributing to the delinquency of a minor. The trial court ordered the sentences be served consecutively and suspended three hundred days of the three hundred sixty-day sentence. The trial court also ordered appellant to pay a fine of $500 plus costs for each offense.
Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 "I. THE TRIAL COURT ERRED BY IMPOSING A TERM OF INCARCERATION AND A FINE FOR THE DEFENDANT'S MISDEMEANOR CONVICTIONS, WHERE THE RECORD REVEALS THAT THE COURT FAILED TO CONSIDER THE APPROPRIATE STATUTORY FACTORS, THAT THE COURT CONSIDERED IMPROPER EVIDENCE IN MAKING ITS SENTENCING DECISIONS, AND THAT THE COURT'S DECISIONS WERE BASED UPON THE SENTENCING CRITERIA GOVERNING FELONY CONVICTIONS."
 I
Appellant's sole assignment of error challenges the sentence imposed by the trial court following her conviction for two misdemeanor offenses. Appellant claims the trial court erred when it imposed both a fine and incarceration, considered the wrong statutory factors when imposing the sentence, considered improper evidence, and considered felony sentencing criteria as opposed to misdemeanor sentencing criteria. We agree.
Generally, a court of appeals will not reverse a trial court's exercise of sentencing discretion if the sentence is within the statutory limit and the court considered the statutory criteria. State v. Tutt (1988),44 Ohio App.3d 138, 139. There is no requirement that the court state on the record that it considered the statutory criteria or that the court discuss the criteria. A silent record raises the presumption that the court correctly considered the appropriate sentencing criteria. Statev. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus.
In the case sub judice, appellant challenges the trial court's sentence on several grounds. First, appellant contends the trial court erred when it imposed both a term of incarceration and a fine. R.C. 2929.22
provides:
 "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain."
 "(F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense * * *."
Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C), R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Sheppard (May 19, 1999), Ashland App. No. 98-COA-01278, citing State v. Polick (1995),101 Ohio App.3d 428, 432. Subsection (E) restricts application of both sanctions to situations where certain factual conditions exist, while Subsection (F) relates to the factual existence of ability to pay.Sheppard at 2, Polick at 432.
Although the trial court specifically found that appellant's conduct caused physical harm to another, it did not consider, under subsection (F), appellant's ability to pay the fines. See Tr. at 29, Sentencing Judgment Entry, Nov. 8, 2001, at 3. A trial court is not required to conduct a hearing regarding a defendant's ability to pay a fine, a trial court is only required to consider this fact. See State v. Plant (Mar. 24, 2000), Ashland App. No. 99-COA-01323 at 2. In Plant, we concluded the trial court complied with R.C. 2929.22(F) where the record contained no affidavit of indigency filed by the defendant and the record indicated the defendant had been continuously employed for sixteen years and intended to continue such employment. Id. However, in the case sub judice, without some inquiry, explanation or evidence in the record concerning appellant's ability to pay a fine, we are unable to review the trial court's decision to impose both a fine and imprisonment.
Appellant next argues, under her sole assignment of error, that the trial court improperly considered an unsworn victim impact evidence. Specifically, appellant refers to a statement made by Kristin McManes, the mother of the girl that appellant's daughter fought. According to R.C.2929.22(A), in sentencing for a misdemeanor, a trial court is permitted to consider "* * * any statement made by the victim under sections 2930.12
to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; * * *."
R.C. 2929.22(A) does not limit the factors a trial court may consider in its decision to impose sentence. Instead, it is a list of factors the trial court is required to consider. Thus, while the trial court was not required to consider the statement made by Kristin McManes, because the misdemeanors at issue are not specified in R.C. 2930-01(A), it was not precluded from doing so.
Finally, appellant maintains the trial court considered improper criteria during the sentencing proceedings. Although R.C. 2929.22
contains the sentencing criteria for misdemeanors, the trial court never refers to it in its sentencing judgment entry. The sentencing judgment entry also indicates the trial court improperly considered aggravating factors contained in R.C. 2929.12(B) and (D). The trial court also improperly considered R.C. 2929.14, in imposing consecutive sentences, which specifically applies to felonies.
Based upon the above, we sustain appellant's sole assignment of error. This matter is reversed and remanded to the trial court for a new sentencing hearing.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
WISE, J., EDWARDS, J., concurs separately.
HOFFMAN, P.J., concurs in part and dissents in part.
[1] As a result of the fight, Karri was found guilty of a delinquency count of felonious assault.