I concur in the majority's conclusion this action must be reversed because the trial court's judgment entry clearly applied felony sentencing guidelines when imposing sentence on the subject misdemeanors. Although I believe the record would support imposition of the same sentence under the misdemeanor sentencing guidelines, I believe this matter must be remanded for reconsideration of sentence. Upon resentencing, the trial court should be guided by the appropriate factors contained in R.C. section 2929.22.
I further agree with the majority's decision the trial court was allowed to consider the statement made by Kristin McManes.
However, I respectfully dissent from the Judge Wise's conclusion "R.C.2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor.State v. Sheppard (May 19, 1999), Ashland App. No. 98-COA-01278, citingState v. Polick (1995), 101 Ohio App.3d 428, 432."[3] I respectfully disagree with this conclusion for the reasons set forth in my concurring opinion in State v. Plant (Mar. 24, 2000), Ashland App. No. 99-COA-1323.
[3] Majority opinion at p. 4.