This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert Jones, appeals from the judgment of the Wayne County Court of Common Pleas. We affirm.
{¶ 2} On January 8, 2002, a Bill of Information was filed charging Mr. Jones with conspiracy to possession of marijuana, in violation of R.C. 2923.01 and 2925.11. Thereafter, on January 28, 2002, Mr. Jones pled guilty to the charge. On March 8, 2002, the trial court sentenced him to six months in jail and ordered him to pay a fine in the amount of one thousand dollars, the maximum prison term and maximum fine for a misdemeanor of the first degree. This appeal followed.
{¶ 3} Mr. Jones raises one assignment of error:
{¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE WITHOUT CONSIDERATION OF THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE § 2929.22."
{¶ 5} In his assignment of error, Mr. Jones asserts that the trial court erred in sentencing him without considering the criteria as set forth in R.C. 2929.22. Specifically, Mr. Jones contends that the trial court erred in imposing the maximum sentence and, further, asserts that it was error to impose a fine. We disagree.
{¶ 6} "A misdemeanor sentence that falls within the guidelines established by R.C. 2929.22 will be disturbed on appeal only in the case of an abuse of discretion." State v. Overholt (Aug. 18, 1999), 9th Dist. No. 2905-M. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 7} R.C. 2929.22 governs misdemeanor sentencing and, although none of the statutory criteria mandates a certain result, the court must consider the factors as set forth in that statutory section. State v.Polick (1995), 101 Ohio App.3d 428, 431. Though preferable, there is no requirement that the trial court state on the record that it considered the statutory criteria nor does the trial court need to discuss such statutory criteria. Id. Rather, a presumption of regularity exists with regard to the trial court's consideration of the mitigating statutory criteria absent an affirmative showing that it did not do so. See id.;see, also, State v. Stannard (Feb. 9, 2001), 6th Dist. No. WM-00-004. However,
{¶ 8} "Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C) and 2929.12(C), *** R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. Subsection (E) restricts application of both sanctions to situations where certain factual conditions exist. Subsection (F) also relates to the factual existence of the ability to pay." Polick at 432.
{¶ 9} R.C. 2929.22 provides that, in determining imprisonment terms and fines, a court must consider whether an offender poses a risk from which the public must be protected; the nature and circumstances of an offense; the condition, history and character of an offender; an offender's need for correctional or rehabilitative treatment; any statement made by a victim under R.C. 2930.12-17 if the offense is specified in R.C. 2930.01(A); and the ability of the offender to pay fines. R.C. 2929.22(A). While not controlling, factors referred to in R.C. 2929.22 must be considered against imposing imprisonment for a misdemeanor offense. R.C. 2929.22(C). Further, courts must consider additional factors when imposing both a fine and imprisonment for a misdemeanor. R.C. 2929.22(E). A fine cannot exceed the amount that an offender is able to pay without causing undue hardship to the offender or the offender's dependants. R.C. 2929.22(F).
{¶ 10} In the present case, the imposed sentence is within the statutory limit. Further, the record does not indicate that the trial court failed to consider the statutory criteria; therefore, we conclude that imposing the maximum sentence was not an abuse of discretion. Also, while the trial court did not cite any of the statutory criteria specifically set forth in R.C. 2929.22(E) in imposing the fine in addition to the term of imprisonment, we find that the trial court did state its reasons for so doing. Specifically, the trial court indicated that Mr. Jones had a prior record and, also, a history of drug usage. The court noted that he had a previous conviction for selling LSD. The court also noted that there had been a juvenile living in Mr. Jones' apartment and that marijuana joints had been found in her bedroom. Clearly, the court's reasons indicated that the fine was imposed for the correction of the offender. See, R.C. 2929.22(E); see, also, State v. Plant (Mar. 24, 2000), 5th Dist. No. 99-COA-01323; State v. Virgili, 5th Dist. No. 02COA001, 2002-Ohio-2868, ¶ 25. Consequently, the trial court proceeded correctly.
{¶ 11} With regard to Mr. Jones' ability to pay the imposed fine, the trial court did not specifically question Mr. Jones about his ability to pay. However, a trial court is not required to conduct a hearing regarding a defendant's ability to pay a fine; rather, a trial court is only required to consider this fact. Plant; see, also, State v.Cornelius, 12th Dist. No. CA2001-01-008, 2002-Ohio-1429, ¶ 26. There is evidence in the record that Mr. Jones, who did not file an affidavit of indigency, was employed and planned to continue such employment. Specifically, at the beginning of the March 6, 2002 sentencing hearing, Mr. Jones' counsel informed the trial court that Mr. Jones rebuilt commercial boilers for a company located in Massillon, Ohio. Also, Mr. Jones did not object to the imposition of the fine based on his inability to pay. See Plant. Consequently, we cannot say that the trial court abused its discretion in fining Mr. Jones since the record provided information that Mr. Jones was not indigent.
{¶ 12} Mr. Jones' assignment of error is overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.
SLABY, P.J. and BAIRD, J., concur.