[Cite as *State v. Shenfeld*, 2014-Ohio-2719.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 11-13-13

      v.

KAZ K. SHENFELD,                    O P I N I O N

      DEFENDANT-APPELLANT.


**Appeal from Paulding County Common Pleas Court**
**Trial Court No. CR-13-516**

**Judgment Affirmed**

**Date of Decision: June 23, 2014**


APPEARANCES:

    *Timothy C. Holtsberry* **for Appellant**

    *Joseph R. Burkard* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Kaz K. Shenfeld ("Shenfeld"), appeals the December 16, 2013 judgment of the Paulding County Court of Common Pleas finding him guilty of robbery and sentencing him to serve six years in prison.

{¶2} On February 15, 2013, the Paulding County Grand Jury indicted Shenfeld on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree. The indictment stemmed from allegations that on November 29, 2012, Shenfeld entered a Rite Aid Pharmacy and handed a note to an employee at the pharmacy counter demanding that the employee give him Fentanyl patches and Methadone. The note indicated that Shenfeld was armed with a gun and that the employee had one minute to comply with his demand or he would kill everyone in the store.

{¶3} On September 6, 2013, Shenfeld appeared for arraignment and entered a plea of not guilty.

{¶4} On September 30, 2013, pursuant to a negotiated plea agreement, Shenfeld pled guilty to the amended charge of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. Notably, during its Crim.R. 11 colloquy, the trial court advised Shenfeld that the robbery offense carried a possible prison term of two to eight years.

{¶5} On November 18, 2013, a sentencing hearing was held. The trial court sentenced Shenfeld to six years in prison to be served concurrently with

Shenfeld's sentence for a separate offense for which he was serving time in the State of Indiana. The trial court also ordered Shenfeld to pay restitution to Rite Aid in the amount of $3,391.00.

{¶6} Shenfeld now brings this appeal, asserting the following assignment of error.

> **THE TRIAL COURT'S SENTENCE OF APPELLANT TO A SENTENCE OF 6 YEARS WAS CONTRARY TO LAW AND FURTHER CONSTITUTED AN ABUSE OF DISCRETION BY FAILING TO PROPERLY CONSIDER AND APPLY THE SENTENCING GUIDELINES SET FORTH IN OHIO REVISED CODE 2929.11 AND 2929.12.**

{¶7} In his sole assignment of error, Shenfeld claims the trial court failed to properly consider whether his "conduct is more serious than conduct normally constituting the offense." *See* R.C. 2929.12(B). Specifically, Shenfeld argues that the trial court's sentence of six years in prison is overly harsh when compared to robbery offenses committed by other offenders. Shenfeld asserts that the trial court should have imposed a lesser sentence given the fact that the Rite Aid employee did not see a weapon on his person and that the employee quickly handed over the prescription drugs without an escalation of events resulting in no physical harm to any of the victims.

{¶8} Initially, we note that a trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not

followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4–06–24, 2007–Ohio–767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Tyson*, 3d Dist. Allen Nos. 1–04–38; 1–04–39, 2005–Ohio–1082, ¶ 19, citing R.C. 2953.08(G).

{¶9} With respect to the particular issue raised by Shenfeld on appeal, a trial court must consider R.C. 2929.11 and 2929.12 when sentencing an offender. *State v. Pence*, 3d Dist. Auglaize No. 2–11–18, 2012–Ohio–1794, ¶ 9. However, the trial court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. *State v. Smith*, 3d Dist. Auglaize No. 2–06–37, 2007–Ohio–3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, ¶ 38. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria. *Smith* at ¶ 26, citing *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶10} At the outset, the record reflects that the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and R.C. 2929.12 in rendering its sentence. Moreover, we note that the trial court's sentence of a six year prison term is well within the statutory range for felonies of the second degree. *See* R.C. 2929.14(A)(2)(stating the statutory range for a

second degree felony is a prison term of two, three, four, five, six, seven, or eight years). In addition, when the trial court imposed its sentence at the sentencing hearing, it specifically stated that it had reviewed the pre-sentence investigation report demonstrating Shenfeld's criminal history involving other theft convictions and noted that his criminal conduct progressively became more serious over time. The trial court also took into consideration the nature of the threat used by Shenfeld during the robbery—specifically that he would kill everyone in the store if the employee did not comply with his demand. Contrary to Shenfeld's arguments on appeal, we find no evidence to support his allegation that the trial court's sentence was disproportionate to the seriousness of his conduct in committing the offense.

{¶11} Based on the foregoing, we cannot find that the trial court erred in imposing its sentence. Accordingly, Shenfeld's assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**