DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Paul V. Remy appeals the judgment of the Chillicothe Municipal Court, which, upon appellant's no contest plea, found him guilty of possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1), and sentenced him to thirty days in jail and a $250 fine. Appellant asserts: (1) that the trial court erred in finding him guilty of the offense charged because the state's factual statement did not satisfy the elements of the crime; (2) that the trial court erred by imposing upon him the maximum sentence and fine; and, (3) that the trial court erred by denying his motion to suppress.
 {¶ 2} For the reasons that follow, we disagree with appellant's arguments and affirm the judgment of the trial court.
 The Lower Court Proceedings {¶ 3} A review of the record and the parties' briefs before this Court reveals the following facts pertinent to this appeal.
 {¶ 4} In August 2001, appellant was arrested on felony drug possession charges and bound over to the Ross County Grand Jury one month later. The grand jury never returned an indictment and the charges were dismissed in March 2002. During the time the charges were before the grand jury, however, misdemeanor drug possession charges, based on the same facts that led to appellant's August 2001 arrest, were filed against appellant, and an arrest warrant was issued.
 {¶ 5} In February 2002, appellant was arrested on the misdemeanor drug possession charges. During a search incident to appellant's arrest, a crack pipe was found on his person, and he was subsequently charged, in addition to the drug possession charges, with possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C.2925.14(C)(1).
 {¶ 6} Eventually, appellant filed motions to suppress and dismiss in both the drug possession case and the possession of drug paraphernalia case. Appellant asserted in connection with the motion to dismiss the drug possession charges that prosecution of the charges would violate his rights to a speedy trial. The trial court granted the motion and dismissed the drug possession charges pursuant to this Court's holding inState v. DePue (1994), 96 Ohio App.3d 513, 645 N.E.2d 745.
 {¶ 7} Regarding the possession of drug paraphernalia charge, appellant asserted in his suppression motion that because the misdemeanor drug possession charges, which formed the basis for the arrest warrant, were barred from being prosecuted under speedy trial limitations at the time of the warrant's issuance, that the warrant was void ab initio. Accordingly, appellant asserted that any search of his person was unconstitutional and the results of that search (i.e., the crack pipe) should be barred pursuant to the exclusionary rule. The trial court denied appellant's motion to suppress the crack pipe.
 {¶ 8} Subsequently, appellant changed his plea to the possession of drug paraphernalia charge to no contest. During the change of plea hearing, the state presented several statements concerning the facts that led up to the charged offense. First, the prosecution tendered the following statement, "we do have a recitation of some facts, including the instant offenses, charged as an M-4 degree of drug paraphernalia, to wit: a crack pipe. Said pipe was found in defendant's back pocket per a search incident to the arrest for possession of pills. * * * There was a crack pipe. It was found on defendant, in Ross County, Ohio in the city limits of Chillicothe on the date and time in question." Shortly thereafter, the state offered the following recitation of facts: "[O]n February the 15th of 2002 in the early evening hours in the city limits of Chillicothe, Ross County, Ohio, the police were with the defendant Paul Remy and the defendant was cased and they did find that there was an active warrant for his arrest and they executed that warrant and placed him under arrest and in a search incident to that arrest, they found a crack pipe in his pocket and the defendant * * * had admitted that it was a crack pipe in his pocket, which we would consider drug paraphernalia."
 {¶ 9} After addressing appellant directly and explaining the repercussions of his plea, the trial court accepted appellant's no contest plea and found him guilty of possession of drug paraphernalia. The trial court then proceeded to impose the maximum sentence of thirty days in jail and a fine of $250. In addition, the trial court suspended appellant's driving privileges for six months. Finally, the trial court stayed the execution of the sentence pending appeal.
 The Appeal {¶ 10} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 11} First Assignment of Error: "The trial court committed prejudicial error by finding Defendant[-]Appellant guilty of possessing drug paraphernalia on a no contest plea where there were no facts or even allegations presented to the court of his intent to use the item drug paraphernalia [sic]."
 {¶ 12} Second Assignment of Error: "The trial court committed prejudicial error by failing to follow statutory guidelines for sentencing on a fourth degree misdemeanor."
 {¶ 13} Third Assignment of Error: "The trial court committed prejudicial error by not sustaining Defendant-Appellant's motion to suppress and/or dismiss the charge against Defendant-Appellant."
 {¶ 14} We will address appellant's assignments of error in an order more conducive to our analysis.
 I. Motion to Suppress {¶ 15} In his Third Assignment of Error, appellant challenges the trial court's denial of his motion to suppress. Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. See State v. Long (1998), 127 Ohio App.3d 328,332, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. See Statev. Brooks, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030; Statev. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Accordingly, we are bound to accept the trial court's findings of facts if they are supported by competent, credible evidence. See State v. Medcalf (1996),111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v. Harris (1994),98 Ohio App.3d 543, 546, 649 N.E.2d 7. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. See State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141.
 {¶ 16} Specifically, appellant asserts that because the complaint which formed the basis of the arrest warrant was based on charges barred by speedy trial limitations, that the arrest warrant was void ab initio. Accordingly, appellant concludes that his arrest was unlawful and any search incident to that arrest was likewise unlawful, thus requiring the exclusion from trial of all evidence found as a result of that search (i.e., the crack pipe). However, we note that appellant does not argue that the warrant for his arrest on the misdemeanor drug possession charge was issued without the requisite probable cause or that the warrant was technically flawed. Appellant's sole argument concerning the warrant is that the subsequent dismissal of the criminal charges that had formed the basis for the warrant somehow renders the warrant invalid.
 {¶ 17} We have found no authority in support of appellant's proposition, and appellant has also failed to provide this Court with any supporting case law. However, we note that the purpose of the exclusionary rule, which appellant seeks to have applied in this case, is to deter illegal police behavior that violates the protections against unreasonable searches and seizures found in the Fourth Amendment to the United States Constitution. See United States v. Leon (1984), 468 U.S. 897,104 S.Ct. 3405; State v. Wilmoth (1986), 22 Ohio St.3d 251,490 N.E.2d 1236. To further this goal, the courts have fashioned a good faith exception to the exclusionary rule. See id. In Wilmoth, the Supreme Court of Ohio followed the holding of the United States Supreme Court inLeon. In so doing, the Wilmoth Court held, "Where the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way." Wilmoth at paragraph two of the syllabus. Thus, the Supreme Court of Ohio held that, "The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." See id. at paragraph one of the syllabus.
 {¶ 18} Accordingly, even if we were to assume that the arrest warrant issued based upon the misdemeanor drug charge was subsequently invalidated by the dismissal of that charge on speedy trial grounds, we find that the good faith exception to the exclusionary rule would apply. Generally, police officers in the field are not in a position to determine whether charges that form the basis of an arrest warrant are subject to dismissal under R.C. 2925.71 to 2925.73. See State v. DePue, supra (noting that speedy trial statutes are intended to prevent inexcusable delay by the judicial system). Thus, applying the exclusionary rule in this situation would not serve the furtherance of the Fourth Amendment's protections. See Leon and Wilmoth, supra.
 {¶ 19} Therefore, we overrule appellant's Third Assignment of Error.
 II. Guilty Finding Based on a No Contest Plea {¶ 20} In his First Assignment of Error, appellant argues that he was entitled to a finding of not guilty on his no contest plea because the explanation of facts provided by the prosecution failed to establish that appellant possessed drug paraphernalia "with purpose to use" the drug paraphernalia. See R.C. 2925.14(C).
 {¶ 21} According to Crim.R. 11, "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the facts alleged in the indictment, information, or complaint * * *." The no contest plea constitutes a stipulation that the judge may make a finding of guilty or not guilty from the explanation of circumstances. See R.C.2937.07. However, to gain a conviction of a defendant who has entered a no contest plea, the state must provide an explanation of circumstances to maintain the offense. See State v. Gilbo (1994), 96 Ohio App.3d 332,337, 645 N.E.2d 69. "The explanation is sufficient if it supports all the essential elements of the offense." (Emphasis added.) Id. Therefore, a defendant who pleads no contest should be found not guilty where the state's statement of facts does not establish all the elements of the offense. Id., citing Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148,459 N.E.2d 532.
 {¶ 22} R.C. 2925.14(C)(1) provides: "No person shall knowingly use, or possess with purpose to use, drug paraphernalia." (Emphasis added.) Appellant admitted to the court that the object found in his back pocket was a crack pipe and that it was in his possession when discovered. See R.C. 2925.14(A)(13) (describing types of pipes considered drug paraphernalia). Appellant's only contention in this appeal is that the state's statement of facts failed to establish that he possessed the crack pipe with the intent to use it.
 {¶ 23} It is long-established principal that, "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." State v. Huffman (1936), 131 Ohio St. 27,1 N.E.2d 313, paragraph four of the syllabus. "The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." Statev. Hardin (1984), 16 Ohio App.3d 243, 245, 475 N.E.2d 483.
 {¶ 24} Accordingly, the purpose with which appellant possessed the crack pipe can be inferred from the facts and circumstances surrounding its possession. The trial court properly considered the statement of facts given by the prosecution to make a determination as to appellant's guilt. This necessarily included appellant's purpose for possessing the crack pipe. Appellant conceded that the object in question was indeed a crack pipe, and that it was found on his person. Since appellant's intent can be inferred from the surrounding circumstances, the trial court did not err in finding appellant possessed the crack pipe with the intent to use it.
 {¶ 25} Therefore, we overrule appellant's First Assignment of Error.
 III. Misdemeanor Sentencing {¶ 26} In his Second Assignment of Error, appellant asserts that the trial court erred by sentencing him to thirty days incarceration and imposing a $250 fine.
 {¶ 27} Possession of drug paraphernalia in violation of R.C.2925.14(C)(1) is a fourth-degree misdemeanor, punishable by up to thirty days incarceration and a $250 fine. See R.C. 2925.14(F)(1); R.C.2929.21(B)(4) and (C)(4).
 {¶ 28} "The trial court has broad discretion when sentencing a defendant. Columbus v. Jones (1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947,948-949; State v. Poole (Apr. 14, 1994), Adams App. No. 563 * * *. Thus, when we consider a claim that the trial court erred in imposing a particular sentence, we must determine whether the trial court abused its discretion. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506,589 N.E.2d 24, 30-31; Wilmington Steel Products, Inc. v. Cleve. Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624-625. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184-1185, citingBerk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308-1309.
 {¶ 29} "Generally, an appellate court will not reverse a trial court's exercise of discretion if the sentence imposed is within the statutory limit and the trial court considered the statutory criteria.State v. Tutt (1988), 44 Ohio App.3d 138, 139, 541 N.E.2d 1090,1091-1092. Although none of the statutory criteria absolutely mandate a certain result and the court may consider other relevant matter in sentencing a defendant on a misdemeanor, the court must consider the factors set forth in R.C. 2929.22. State v. Wagner (1992),80 Ohio App.3d 88, 95, 608 N.E.2d 852, 856-857; State v. Pump (June 22, 1994), Ross App. No. 93CA1968 * * *. While it is preferable, there is no requirement that the court state on the record that it has considered the statutory criteria or discuss them. State v. Hill (Aug. 5, 1994), Washington App. No. 93CA35 * * *. A silent record raises the presumption that the trial court correctly considered the appropriate sentencing criteria. State v. Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; State v. Cyrus (1992), 63 Ohio St.3d 164,166, 586 N.E.2d 94, 95-96." State v. Polick (1995), 101 Ohio App.3d 428,430-431, 655 N.E.2d 820; see, also, State v. West, Highland App. No. 01CA10, 2002-Ohio-2114.
 {¶ 30} R.C. 2929.22[1] governs sentencing in misdemeanor cases and provides that the criteria found in R.C. 2929.12(C) shall be considered "against imposing imprisonment for a misdemeanor." R.C.2929.22(C). However, the statute further provides that the criteria from R.C. 2929.12(C) does not control the court's discretion in determining an appropriate sentence within the statutory limits. See id. The record does not contain any indication that the trial court failed to consider the statutory criteria; and we, therefore, presume the court acted properly. See Adams, supra. Accordingly, appellant's assertion that the trial court failed to consider the sentencing factors is found to be without merit.
 {¶ 31} In addition, however, appellant asserts that the trial court erred in imposing both a fine and imprisonment. R.C. 2929.22(E) and (F) provide:
 {¶ 32} "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 {¶ 33} "(F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense."
 {¶ 34} In State v. Polick, this Court held, "When the trial court fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C. 2929.22(F), the court abuses its discretion." Polick at 432, citing State v. Stevens (1992),78 Ohio App.3d 847, 851, 606 N.E.2d 970. In addition, this Court further held that, "Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C) and 2929.12(C), we believe R.C.2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor." Id.; see, also, State v. West, supra. In his concurrence, Judge Stephenson further noted, pursuant to R.C. 2929.22(F), that a trial court should inquire "as to whether the fines imposed * * * `exceed the amount which the offender is or will be able to pay * * * without undue hardship to himself or his dependents.'" See id. at 433 (Stephenson, J. concurring).
 {¶ 35} As was the case in Polick, we note that the record sub judice indicates that the court did not inquire about appellant's ability to pay a fine. See id. Accordingly, we sustain appellant's Second Assignment of Error.
 {¶ 36} As an aside, we note disparities between certain facts as presented in appellant's brief and those revealed by the record. While we encourage attorneys to represent their clients zealously, as is their duty, we urge counsel to temper that zealousness with accuracy regarding the facts of the case.
 Conclusion {¶ 37} Accordingly, we find that the trial court did not err in denying appellant's motion to suppress or finding him guilty upon his no contest plea. Therefore, we overrule appellant's First and Third Assignments of Error.
 {¶ 38} However, we find that the trial court abused its discretion by imposing both imprisonment and a fine without setting forth its justification for doing so. Thus, we sustain appellant's Second Assignment of Error. Consequently, this matter is remanded to the trial court for re-sentencing in light of the statutory criteria.
Judgment affirmed in part, reversed in part, and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART,AND REMANDED and that appellant recover of appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the CHILLICOTHE MUNICIPAL COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment and Opinion.
[1] Legislation that extensively changes and amends misdemeanor sentencing in Ohio, Sub.H.B. No. 490, was recently signed into law by the governor. The bill takes effect on January 1, 2004. Accordingly, all citations to misdemeanor-sentencing statutes are to those laws in effect at the time of appellant's arrest, conviction, and sentencing.