[Cite as *State v. Hoskinson*, 2012-Ohio-3138.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

STEPHANIE J. HOSKINSON

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 11 AP 0003

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 10 CR 0029 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 10, 2012 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MARK HOWDYSHELL<br>PROSECUTING ATTORNEY<br>19 East Main Street<br>Mcconnelsville, Ohio 43756 | SUSAN J. MONTGOMERY MCDONALD<br>GOTTLIEB, JOHNSTON, BEAM<br>& DAL PONTE<br>320 Main Street, Post Office Box 190<br>Zanesville, Ohio 43702-0190 |

*Wise, J.*

{¶1}   Appellant Stephanie J. Hoskinson appeals her convictions and sentences, in the Morgan County Court of Common Pleas, for aggravated murder, murder, aggravated arson, and aggravated robbery. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On September 24, 2008, appellant, Christopher Clark, and Christopher Border went to the home of Clark's acquaintance Rodney Spencer in McConnelsville, Ohio, to purchase marijuana. Appellant, Clark, and Border had all been drinking and using drugs that day.  Tr. at 372.  At some point, Spencer was physically assaulted by the group.  Some of the blows came from the use of a hammer. Spencer was knocked unconscious, and was thereafter fatally injured by a fire that consumed his home. According to Border, appellant started the fire with a lighter and some gasoline Clark found in a can on the porch.  Tr. at 380.

{¶3}   On September 22, 2010, the Morgan County Grand Jury indicted appellant on one count of aggravated burglary, one count of aggravated robbery, two counts of aggravated arson, one count of aggravated murder during the commission of aggravated burglary, one count of aggravated murder during the commission of aggravated robbery, and one count of aggravated murder during the commission of aggravated arson.

{¶4}   On October 27, 2010, a competency evaluation was authorized by the trial court. On March 29, 2011, appellant was found competent to stand trial.

{¶5} Appellant additionally filed a motion to suppress evidence, focusing on statements she made to law enforcement. Following a suppression hearing on June 30, 2011, the trial court denied appellant's motion to suppress.

{¶6} The case proceeded to a jury trial on July 18 and 19, 2011. After hearing the evidence and arguments, the jury convicted appellant on the following five counts:

{¶7} Count 2: Aggravated Robbery, in violation of R.C. 2911.01 (A)(3), a felony of the first degree;

{¶8} Count 3: Aggravated Arson, in violation of R.C. 2909.02(A)(1), a felony of the first degree;

{¶9} Count 4: Aggravated Arson, in violation of R.C. 2909.02(A)(2), a felony of the second degree;

{¶10} Count 6: Murder, in violation of R.C. 2903.02(B), a felony subject to the penalties set forth in R.C. 2929.02; and

{¶11} Count 7: Aggravated Murder during the Commission of Aggravated Arson, in violation of R.C. 2903.01(B), a felony subject to the penalties set forth in R.C. 2929.03.

{¶12} The trial court sentenced appellant on August 2, 2011 to life imprisonment with parole eligibility after forty years. Specifically, appellant was sentenced to three years for aggravated robbery, seven years for aggravated arson (R.C. 2909.02(A)(1)), five years for aggravated arson (R.C. 2909.02(A)(2)), fifteen years to life for murder, and life imprisonment with parole eligibility after thirty years for aggravated murder during the commission of aggravated arson.

{¶13} Appellant filed a notice of appeal on August 24, 2011. She herein raises the following four Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE PRISON TERMS BY NOT 'ENGAGING IN THE ANALYSIS' REQUIRED BY ORC §2929.14(E)(4).

{¶15} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT CONSIDERING THE FACTORS IN ORC §2929.12 BY NOT IMPOSING A SENTENCE CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS UNDER ORC §2929.11(B).

{¶16} "III. APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶17} "IV. THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL."

I.

{¶18} In her First Assignment of Error, appellant contends the trial court erred in imposing consecutive sentences under R.C. 2929.14(E)(4). We disagree.

{¶19} As an initial matter, we note appellant concedes that the statutory amendments under H.B. 86, effective 9-30-2011, took effect after the sentencing date in the case sub judice. See Appellant's Brief at 5. We therefore herein rely on the Ohio Supreme Court's *Foster* decision [109 Ohio St.3d 1, 2006–Ohio–856], which holds that judicial fact finding is not required before a court imposes non-minimum, maximum or consecutive prison terms. *See, e.g., State v. Williams,* Muskingum App. No. CT2009–

0006, 2009–Ohio–5296, ¶ 19, citing *State v. Hanning,* Licking App.No. 2007CA00004, 2007–Ohio–5547, ¶ 9. Subsequent to *Foster,* in a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

{¶20} In the case sub judice, the trial court stated in its written entry and on the record that it had considered the purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12. See Sentencing Entry, August 2, 2011 at 2; Sentencing Tr. at 12-17. As noted in our recitation of facts, appellant was sentenced to three years for aggravated robbery and was sentenced to seven years for the offense of aggravated arson in violation of R.C. 2909.02(A)(1). These were within the range of prison terms for felonies of the first degree, which range from three to ten years. Appellant was also sentenced to five years for the offense of aggravated arson in violation of R.C. 2909.02(A)(2) and fined $10,000.00. This was within the range of prison terms for a felony of the second degree, which ranges from two to eight years and carries a maximum fine of $15,000.00. In regard to the murder count, the prison term for murder during the commission of aggravated robbery is for an indefinite term of fifteen years to life as mandated by R.C. 2929.02(B)(1). Appellant was sentenced to that term. In regard to aggravated murder, the prison term for aggravated murder during the commission of aggravated arson is either life without parole or life

with parole eligibility after serving a range of twenty to thirty full years as mandated by R.C. 2929.03(A)(1). Appellant was sentenced for the aggravated murder of Rodney Spencer to life with parole eligibility after serving thirty full years of imprisonment.

**{¶21}** The two aggravated arson counts were merged, as were the aggravated murder and murder counts. The aggravated robbery, aggravated murder, and aggravated arson sentences were ordered served consecutively. See Judgment Entry of Sentencing at 4.[1]

**{¶22}** Based on our review of the record, and pursuant to *Foster* and *Kalish,* we do not find the trial court acted clearly and convincingly contrary to law or abused its discretion in rendering consecutive sentences under the facts and circumstances of this case.

**{¶23}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶24}** In her Second Assignment of Error, appellant argues that the trial court abused its discretion in sentencing her in light of the seriousness and recidivism factors under R.C. 2929.12(B) and (D) and the consistency considerations under R.C. 2929.11(B). We disagree.

*Seriousness and Recidivism Factors*

**{¶25}** R.C. 2929.12(B) states as follows:

**{¶26}** "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as

---

[1]   Appellant's brief fails to include a copy of the sentencing entry under appeal. See Loc.App.R. 9(A). We have reviewed the original entry in the trial court's file.

indicating that the offender's conduct is more serious than conduct normally constituting the offense:

**{¶27}** "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

**{¶28}** "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

**{¶29}** "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

**{¶30}** "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

**{¶31}** "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

**{¶32}** "(6) The offender's relationship with the victim facilitated the offense.

**{¶33}** "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

**{¶34}** "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

**{¶35}** "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender

or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."

**{¶36}** In turn, R.C. 2929.12(D) states as follows:

**{¶37}** "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

**{¶38}** "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

**{¶39}** "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

**{¶40}** "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

**{¶41}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has

demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶42}** "(5) The offender shows no genuine remorse for the offense."

**{¶43}** There is no requirement in R.C. 2929.12 that the trial court must state on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Hobby*, Ashland App.No. 11 COA 41, 2012-Ohio-2420, ¶ 35, citing *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820 (additional citations omitted). Nonetheless, we have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* Licking App.No. 2006-CA-41, 2006-Ohio-5823, ¶ 52.

**{¶44}** In the case sub judice, although not required to explain its analysis on the record, the trial court stated that it had considered, inter alia, that the victim, Rodney Spencer, suffered physical, psychological, or economic harm because of appellant's acts, and that appellant had committed the offenses for hire or as part of an organized criminal activity. Sentencing Entry at 2. See 2929.12(B)(2) and (7), supra. The court also noted that appellant had prior criminal convictions, that she had not favorably responded to previous sanctions, and that she demonstrated a pattern of drug or alcohol abuse. *Id.* See R.C. 2929.12(D), supra. Although appellant takes issue with the trial court's emphases on these factors and the conclusions drawn from the same, and further argues that the offenses are not likely to recur (R.C. 2929.12(E)(4)), we are unable to conclude that the court acted unreasonably, arbitrarily, or unconscionably, or that the court violated her right to due process in its sentencing determinations.

<u>*Consistency*</u>

**{¶45}** R.C. 2929.11(B) reads in pertinent part as follows: "A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." As a general rule, our review on appeal is limited to those materials in the record that were before the trial court. *In re McClain,* Licking App. No. 01CA92, 2002-Ohio-2467, 2002 WL 710434, citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Clearly, "[a]n obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses." *State v. Ryan,* Hamilton App. No. C-020283, 2003-Ohio-1188, 2003 WL 1094003, quoting Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 14, 57. In addition, "[c]onsistency * * * does not necessarily mean uniformity." *Ryan, supra*, quoting Griffin and Katz at 12.

**{¶46}** Pursuant to R.C. 2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law." *State v. Torres,* Lake App.No. 2001-L-122, 2003-Ohio-1878. Appellant herein chiefly contrasts her sentence to co-defendants Clark and Border, who entered pleas and purportedly each received life sentences with the possibility of parole after eighteen years.[2] Appellant, also referencing the $10,000.00 fine she received, maintains that she has essentially suffered a "trial tax" based on her decision not to enter a plea. *See*

---

[2]  Appellant does not specify if Clark's sentence information is in the record before us.

Appellant's Brief at 15. However, upon review of the record, we find appellant's contention that she has suffered prejudicial error from inconsistent sentencing to be without merit.

**{¶47}** Appellant's Second Assignment of Error is overruled.

III.

**{¶48}** In her Third Assignment of Error, appellant maintains she was deprived of the effective assistance of trial counsel. We disagree.

**{¶49}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

**{¶50}** Appellant, noting that one of her co-defendants, Border, testified about appellant's partying lifestyle, (Tr. at 363), first challenges defense counsel's decision not

to call Tony Harris (appellant's cousin), Dawn White (appellant's friend since high school), and Carrie Mayle (appellant's best friend) as additional character witnesses.[3] Appellant also notes that Valerie McKibben, one of her co-workers, could have been utilized as an alibi witness. We note, however, that such an argument relies heavily on speculation, as from the present record we cannot ascertain the effect of these proposed witnesses on the jury. " '[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.' " *State v. Phillips*, Stark App.No. 2010CA00338, 2011-Ohio-6569, ¶ 26, quoting *Buckelew v. United States* (5th Cir.1978), 575 F.2d 515, 521. In this instance, we find appellant has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonable representation and violated any essential duties to the client on the basis of uncalled witnesses.

{¶51} Appellant secondly directs us to what she calls "nervous blunders" made by defense counsel during voir dire, which appellant claims gave the impression to the jury that defense counsel was inexperienced. In the first instance, trial counsel drew an analogy to making a decision beyond a reasonable doubt to making an important personal medical decision:

{¶52} "[DEFENSE COUNSEL] MR. MOOREHEAD:  And [the doctor] is going to tell you that.  Are you going to just take his word for it, say - -

{¶53} "[JUROR] AMANDA D. WRIGHT:  No.

---

[3]  Defense counsel nonetheless did call no less than four witnesses who testified in part as to appellant's character. See Tr. at 498 et seq., 507 et seq., 524 et seq., and 532 et seq.  This group included Carrie Mayle.

**{¶54}** "MR. MOOREHEAD: What are you going to want?

**{¶55}** "AMANDA D. WRIGHT: I guess I would want at least a reason why.

**{¶56}** "MR. MOOREHEAD: Yeah. Would you want to research that doctor's background, for instance - -

**{¶57}** "AMANDA D. WRIGHT: Yeah.

**{¶58}** "MR. MOOREHEAD: - - to see his credentials?

**{¶59}** "AMANDA D. WRIGHT: Um-huh.

**{¶60}** "MR. MOOREHEAD: Maybe get a second opinion?

**{¶61}** "AMANDA D. WRIGHT: Um-huh.

**{¶62}** "MR. MOOREHEAD: I mean, maybe do some research on your own. In this case, I shouldn't have said do some research on your own. You're all going to be told not to do you (sic) own research. I shouldn't have even said that."

**{¶63}** Tr. at 47-48.

**{¶64}** In the second instance, trial counsel discussed the burden on the State to prove its case:

**{¶65}** "I understand that the burden is on them. I understand that they have to prove their case, each and every element of the crimes that they're charging her with beyond and to the exclusion of every reasonable doubt. It's the most - - in my mind, it's the most important role we, as citizens, can have. You never get that much participation."

**{¶66}** Tr. at 61.

{¶67} The prosecutor thereafter pointed out that defense counsel had used the expression "to the exclusion of" any or every reasonable doubt. *See* Tr. at 70. Defense counsel subsequently corrected himself as follows:

{¶68} "MR. MOOREHEAD: We - - we're here on the defense. It's not our duty to prove our story beyond a reasonable doubt. I didn't say beyond - - beyond and excluding a reasonable doubt to confuse anybody. In my mind, it's beyond a reasonable doubt. There is no doubt - - or reasonable doubt. There is no reasonable doubt, and so it would exclude all reasonable doubt. I wasn't trying to trick anybody."

{¶69} Tr. at 84.

{¶70} Although appellant has not presently raised a sufficiency or manifest weight of the evidence claim, our review of the overall trial transcript, particularly the testimony of the various law enforcement and fire investigators and Christopher Border, does not persuade us that appellant's case was prejudiced by her trial counsel's self-corrected comments during the voir dire process.

{¶71} Appellant's Third Assignment of Error is overruled.

IV.

{¶72} In her Fourth Assignment of Error, appellant argues she was deprived of a fair trial based on the existence of cumulative error. We disagree.

{¶73} The doctrine of cumulative error provides that a conviction will be reversed where the cumulative effect of evidentiary errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not singularly constitute cause for reversal. *State v. DeMarco* (1987), 31 Ohio St.3d 191, 509 N .E.2d 1256, paragraph two of the syllabus. The doctrine has

been expanded to include the cumulative effect of all errors, not just evidentiary errors. *See State v. Neal*, Champaign App.Nos. 2000–CA–16, 2000–CA–18, 2002-Ohio-6786, ¶ 101, citing *State v. Garner,* 74 Ohio St.3d 49, 64, 656 N.E.2d 623, 1995–Ohio–168. Nonetheless, the doctrine is not applicable to cases where the court has not found multiple instances of harmless error. *State v. Skerness*, Coshocton App.No. 09-CA-28, 2011-Ohio-188, ¶ 77, citing *Garner* at 64.

**{¶74}** In support of her argument, appellant redirects us to the issues referenced earlier in her brief, i.e., those pertaining to sentencing and ineffective assistance of trial counsel. Notwithstanding this Court's past reluctance to embrace cumulative error as grounds for reversal (see *State v. Mascarella* (July 6, 1995), Tuscarawas App.No. 94AP100075), upon review we find reversible error has not been demonstrated on this basis.

**{¶75}** Appellant's Fourth Assignment of Error is overruled.

**{¶76}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Morgan County, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0621

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                    :

        :

    Plaintiff-Appellee        :

        :

-vs-                        :           JUDGMENT ENTRY

        :

STEPHANIE J. HOSKINSON        :

        :

    Defendant-Appellant        :           Case No. 11 AP 0003

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES